UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| ALPER KOLCU         , | | ) MOTION FOR EXTENSION TO FILE BRIEF |
| | Plaintiff-Appellant, | ) 24-1178 |
| | | ) |
| v. | | ) |
| VERIZON COMMUNICATIONS, INC. | | ) Appeal from the United States District |
| a Delaware Corp., et al. | | ) Court for the Eastern District of Wisconsin |
| and | | ) Hon. William E. Duffin |
| See Attached List | | ) Case No. 2:23-cv-0849 |
| | Defendants-Appellee. | |

### ALPER KOLCU'S MOTION FOR LEAVE TO FILE INSTANTER THE SEPARATE APPENDIX TO APPELLANT'S JURISDICTIONAL MEMORANDUM

ALPER KOLCU ("KOLCU"), Pro Se Plaintiff-Appellant, files this Motion for Leave to File Instanter, the Separate Appendix to the Appellant's Jurisdictional Memorandum (ECF 11) and, in support thereof, respectfully states as follows:

1. On February 6, 2024, Plaintiff timely filed his Notice of Appeal. Dkt. # 72.

2. Per the Order (ECF 8) of this Court entered on or about March 6, 2024, the Briefing was held pending jurisdictional review. And Granted Appellant's Motion to file Jurisdictional Memorandum ("Memo"), which Appellant did on March 20, 2024 (ECF 11)

3. Appellant's Memo was filed timely, however the Separate Appendix, due to its size, technical difficulties and misunderstanding of the Instructions (herein attached), was not filed and was therefore untimely.

4. Appellant wishes to file the Separate Appendix and requires leave of Court to do so.

5. Appellant is now aware that Defendant-Appellee filed their Response (ECF 13) indicating additional arguments which is outside the scope of what Appellant had assumed. Therefore, it appears Appellant's arguments were short.

6. Appellant now includes short introduction of the Statements of Issues with respect to the Table of Authorities in a Motion, Instanter.

7. Since briefing is suspended pending jurisdictional review, Defendants will not be prejudiced by its filing.

WHEREFORE, Pro Se Plaintiff respectfully prays that this Court allow him to file the Separate Appendix to Appellant's Jurisdictional Memorandum Instanter.

**Alper Kolcu**
**(312) 404-2424**
**225 N 66th St,**
**Milwaukee, WI, 53213**
Email: alkolcu.legal@gmail.com

By: [signature]

ALPER KOLCU
Pro Se Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2024, I filed the foregoing Motion for Leave to File Instanter, the Separate Appendix to the Appellant's Jurisdictional Memorandum with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by U.S. mail. I also certify that I served the foregoing Motion for Leave to File Instanter, the Separate Appendix to the Appellant's Jurisdictional Memorandum on the individuals referenced on the Service List, below by U.S. mail on April 3, 2024.

[signature]
Plaintiff-Appellant

### Service List

Defendant(s)-Appellee via their counsel of record;
Jackson Lewis P.C.
Brian Nuedling,
22 E. Mifflin St, SUite 800,
Madison, WI, 53703

Alper Kolcu
(312) 404-2424
225 N 66th St,
Milwaukee, WI, 53213
Email: alkolcu.legal@gmail.com

# United States Court of Appeals
## For the Seventh Circuit

### Pro Se Instructions for Preparing Docketing Statement



Circuit Rule 3(c) requires every appellant to file a docketing statement no later than seven days after the filing of a notice of appeal. These statements help the court determine whether it has jurisdiction over an appeal (in other words, the court must ensure that the appeal is one that this court is authorized to decide). The information that is required is found in Circuit Rules 3(c) and 28(a). You should attempt to include the following information in your docketing statement:

- The basis for the district court's jurisdiction (whether it is a case that depends on federal law—i.e., does it raise a "federal question"—or a case between citizens of different states with more than $75,000 at stake—i.e., a diversity case). If it is a federal question case, you must identify the specific federal statute or constitutional provision involved in the case;

- The basis for this court's jurisdiction, including:
    - √ the date of entry of the judgment or order being challenged,
    - √ if a motion for new trial or a motion to reconsider the judgment was filed, the date it was filed and the date it was resolved,
    - √ the date the notice of appeal was filed in the district court, the date any motion to extend the time to appeal was filed, and whether an extension was granted,
    - √ whether any party in the district court litigation has claims that are still pending, and
    - √ if the appeal is from a magistrate judge's decision, the date that all parties consented to proceed before the magistrate judge;

- The name and case numbers of any appeals or district court cases related to this appeal;

- Any previous case where the appellant has been designated as having "three strikes," defined in 28 U.S.C. § 1915(g) as having had three or more cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted;

- If the appeal is a collateral attack on a criminal conviction, the statement should include the prisoner's current place of confinement or, if released, the nature of any ongoing custody (such as supervised release) and the name of the custodian.

*Via Court Filing In-Person*        April 1, 2024        U.S.C.A. – 7th Circuit
RECEIVED

APR 08 2024

Christopher G. Conway, Clerk
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

Re:    No. 24-1178, *Alper Kolcu v. Verizon Communications, Inc., et al.*

Dear Mr. Conway:

     I, Alper Kolcu, Appellant-Plaintiff as Pro Se party write to make clear that the Appellant's Jurisdictional Memorandum (ECF 11) is filed on behalf of myself, Appellant Pro Se.

     As this office is aware, this Court uses simplified captions for administrative purposes in cases with five or more parties on either side. The docket entry in this appeal accordingly states that condition, because THIS CAUSE CONSISTS OF MORE THAN 5 PARTIES FOR EITHER SIDE," all appellees other than one listed on the caption are "parties to this cause as reflected on the District Court docket, yet are not reflected on the Appellate docket/caption for administrative purposes. Following this Court's practice, the cover of the Memo (ECF 11) uses this simplified caption.

     Verizon's Response (ECF 13), filed on March 28, 2024, contends that, because the caption on the cover of the Appellant's Jurisdictional Memorandum names *"only one of the claimants,", "... not the other 18 defendants..."* ECF 13 at 10. In no way does the use of this Court's simplified caption have that effect. The Appellant entered his appearance for himself, against all parties captioned in the underlying District Court Case 2:23-cv-0849. (ECF 6). And the Jurisdictional Memorandum's content indicates no intent to limit the parties represented. Quite the opposite. *See* ECF 11 at 1 ("On June 26, 2023, Pro Se plaintiff Alper Kolcu filed a complaint against an assortment of defendants,..."). Nor is it reasonable to read the cover caption as having such an effect. *See* 7th Cir. Practitioner's Handbook 93 (2020 ed.) ("Simply put, captions do not control, content controls."); Fed. R. App. P. 3(c)(1)(A) ("[A]n attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'").

     Out of an abundance of caution, Plaintiff-Appellant hereby reiterate that *all* appellees for whom the appellees' counsel should have entered their appearance in this Court (ECF 9) join in the appellees' Response filed on March 28, 2024 (ECF 13). *See* Fed. R. App. P. 28(i) ("[A]ny number of appellants or appellees may join in a brief."); *In re Target Customer Data Sec. Breach Litig.*, 855 F.3d 913, 915 (8th Cir. 2017) ("The courts of appeals ... routinely permit Rule 28(i) adoption by letter.").

Alper Kolcu
235 N 66th St, Milwaukee, WI 53213

P 312 404 2424

alper.legal@gmail.com

                                                                    Respectfully submitted,

                                                                    Alper Kolcu
                                                                    *Pro Se Plaintiff-Appellant*