No. 24-1178

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. – 7th Circuit
R E C E I V E D

APR 08 2024

ALPER KOLCU,

Plaintiff- Appellant,

v.

VERIZON COMMUNICATIONS, INC.

Defendant- Appellee.

On Appeal from the United States District Court
for the Eastern District Of Wisconsin
No. 2:23-cv-00849, William E. Duffin, Hon. Mag. Judge

JURISDICTIONAL STATEMENT
OF PLAINTIFF (Revised 04.03.2024)

Alper Kolcu
225 N 66th St,
Milwaukee, WI.  53213-4217
312-404-2424
alkolcu.legal@gmail.com
*Pro Se Plaintiff-Appellant*

TABLE OF CONTENTS

COVER. ...................................................................................................... i

TABLE OF CONTENTS. ................................................................................ ii

TABLE OF AUTHORITIES................................................................... iii-v

INTRODUCTION. ......................................................................................... 1

JURISDICTIONAL STATEMENT. ................................................................ 2

ISSUES PRESENTED. ................................................................................... 1

STATEMENT OF THE CASE. ....................................................................... 2

CONCLUSION. .............................................................................................. 3

CIRCUIT RULE 25 CERTIFICATE. ......................................................    3

CIRCUIT RULE 32 CERTIFICATE. .............................................................. 3

CERTIFICATE OF SERVICE........................................................................ 4

TABLE OF AUTHORITIES

**Case**                                                                                   **Page(s)**

*Abney v. United States,*
431 U.S. 651 (1977)..............................................................................*passim*

*Alexander v. Rush N. Shore Med. Ctr.,*
   101 F.3d 487 (7th Cir. 1996))..............................................................*passim*

*Argyropoulos v. City of Alton,*
   539 F.3d 724 (7th Cir. 2008) ..............................................................*passim*

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..............................................................................*passim*

*Behrens v. Pelletier,*
   516 U.S. 299 (1996)..............................................................................*passim*

*Bell Atl. Corp. v. Twombly,.,*
   550 U.S. 544 (2007)..............................................................................*passim*

*Blair v. Equifax Check Servs., Inc.,*
   181 F.3d 832 (7th Cir. 1999) ..............................................................*passim*

*Brown v. Cook Cty., No. 17 C 8085, 2018 U.S. Dist. LEXIS 106746.,*
   (N.D. Ill. June 26 2018) ......................................................................*passim*

*Caterpillar Inc. v. Lewis.,*
   *519 U.S. 61, 74 (1996)* ........................................................................*passim*

*Downey v. R.W. Briscoe & Assoc., Inc.,*
   09 C 5870, 2012 U.S. Dist. LEXIS 133596 (N.D. Ill. Sept. 18, 2012) ............................*passim*

*Fall River Dyeing & Finishing Corp.,*
   *482., U.S. 27 (1987)*..............................................................................*passim*

*Frey v. Hotel Coleman.,*
   903 F.3d 671 (7th Cir. 2018) ..............................................................*passim*

*Harris v. Allen Cnty. Bd. of Comm'rs*
   *903 F.3d 671 (7th Cir. 2018)*..............................................................*passim*

*Heinemeier v. Chemetco, Inc.,,*
   *246 F.3d 1078 (7th Cir. 2001)* ..............................................................*passim*

*Knight v. United Farm Bureau Mut. Ins. Co.,.,*
   *950 F.2d 377 (7th Cir. 1991)* ..............................................................*passim*

*Leone v. Naperville Professionals, Inc*
   *No. 14 C 9583, 2015 U.S. Dist. LEXIS 50716 (N.D. Ill. Apr. 17, 2015))* ........................*passim*

*Love v. JP Cullen & Sons, Inc*
   *779 F.3d 697 (7th Cir. 2015)* ..................................................................*passim*

*McReynolds v. Merrill Lynch & Co*
   *694 F.3d 873 (7th Cir. 2012)* ..................................................................*passim*

*New Hampshire v. Maine.*
   *532 U.S. 742 (2001)* ...................................................................................5

*Nischan v. Stratosphere Quality, L.L.C*
   *865 F.3d 922 (7th Cir. 2017)* ..................................................................*passim*

*Papa v. Katy Indus.,*
   *166 F.3d 937,941 (7th Cir. 1999)* ..........................................................*passim*

*Worth v. Tyer, citing EEOC v. Vicitech, 842 F.2d 937, 941 (7ᵗʰ Cir. 1999),*
   *276 F.3d 249, 260 (7ᵗʰ Cir. 2001),*..........................................................*passim*

**Statutes**

18 U.S.C. § 1292(b). ................................................................................1, 2

20 U.S.C. § 1681 et seq. ...........................................................................1, 2

28 U.S.C. 1291 ........................................................................................1-3

28 U.S.C. § 1292(a)(1) .............................................................................1-3

28 U.S.C. § 1292(b) ..................................................................................1-3

28 U.S.C. § 1331 ......................................................................................1-3

28 U.S.C. § 1332 ......................................................................................1-3

28 U.S.C. § 1343 ......................................................................................1-3

28 U.S.C. § 1367 ......................................................................................1-3

28 U.S.C. § 1391 ......................................................................................1-3

28 U.S.C. § 2107 ......................................................................................1-3

29 U.S.C. § 626 ........................................................................................1-3

29 U.S.C. § 791 ........................................................................................1-3

29 U.S.C. § 794 ........................................................................................1-3

42 U.S.C. § 1981 et seq. ................................................................................*passim*

42 U.S.C. § 1985 ...........................................................................................*passim*

42 U.S.C. § 2000e et seq. .............................................................................*passim*

42 U.S.C. § 12101 .........................................................................................*passim*

42 U.S.C. § 12217 .........................................................................................*passim*

## Rules

Fed. R. App. P. 4(a)(4)(A) ................................................................................ 1-3

Fed. R. App. P. 5 .............................................................................................. 1-3

Fed. R. App. P. 26(a) ....................................................................................... 1-3

Fed. R. Civ. P. 12 ...........................................................................................1-3

Fed. R. Civ. P. 12(b)(1) ................................................................................... 1-3

Fed. R. Civ. P. 12(b)(6) ....................................................................    1-3

Fed. R. Civ. P. 23(f) .........................................................................    1-3

Fed. R. Civ. P. 54(b) ........................................................................    1-3

## Other Authorities

First Amendment to the U.S. Constitution ...............................................*passim*

## I.    INTRODUCTION

On June 26, 2023, pro se plaintiff Alper Kolcu filed a complaint against an assortment of defendants, including corporate defendants Verizon Communications Inc., Verizon Business Network Services LLC, MCI Communications Inc., Verizon Business Office (VZB New Berlin), and Verizon Benefits Center, individual defendants Winsome Taik, Thomas Pietila, Kirti (Kitty) Rose, Chelsea J. Meyers, Leslie Stephenson, Michael Calantone, John M. Laughon, Lisa Lauture, Alice Hsieh, Roy Piestly, Joseph Glisczinski, Mark Peeters, Marc Fisher, and Corey Saffert, and defendants referred to as "John Doe 1-9," "Jane Doe 1-9," and "ABC Companies." (2:23-cv-00849, WI. E.D., ECF No. 1 at 2-3).

This case involves an attempt to hold Defendant- Appellee, Verizon Communications, Inc. ("Verizon"), liable for its discrimination and retaliation against Plaintiff- Appellant, eventually resulting with termination of his employment. This Court has jurisdiction over this appeal pursuant to the collateral order doctrine, pursuant to 28 U.S. Code § 1292.

In the orders from which Kolcu appeals, the district court refused to Enter Default and Default Judgement for Defendant-Appellee's failure to respond, otherwise plead to the Complaint (Id. Dkt 1) [1].

The district court's decisions require this matter to move forward into civil

---

[1] All references to "Dkt." herein are to the docket in the underlying district court matter, No. 2:23-cv-00849 in the U.S. District Court for the Eastern District of Wisconsin.
[2] MCI Communications Services, Inc. d/b/a Verizon

discovery and likely to an eventual jury trial on whether Verizon's motives were in fact discriminatory motivations and/or were motives of retaliation. However, the same orders the Honorable Judge Duffin entered involve questions that are entirely separable from the merits of the action.

Interlocutory review is therefore available because (1) The interlocutory decision conclusively determined the disputed question, (2) The disputed question is important and entirely separable from the merits of the action, and (3) The interlocutory decision is effectively unappealable after a final judgment is handed down. This Court's precedents, pertaining to both collateral order doctrine and interlocutory appeal (Dkt 74) pursuant to 28 U.S. Code § 1292(b), establish that this Court has jurisdiction to hear Kolcu's appeal.

## II.    JURISDICTIONAL STATEMENT

This appeal arises from a complaint alleging race discrimination in violation of Title VII and 42 U.S.C. § 1981, as well as various state laws. **(Dkt 1, Attachment II-Applicable Laws)** [1]. The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.  On February 2, 2024, that court granted a motion to dismiss the Individual Defendants and Actual employer of Kolcu, "MCI Communications Services, Inc.".

Plaintiff, Alper Kolcu, brought suit against Defendant, Verizon Communications, Inc., in the U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division, alleging disability discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 et seq.

Jurisdiction of the United States Court of Appeals arises under 28 U.S.C. § 1291 by virtue of the entry of the District Court of the Order (Dkt 69)[1] dated February 1, 2024 by the Honorable Judge William E. Duffin granting Defendant's Motion to Dismiss (Dkt 10) [1], And denying (1) Plaintiff's Motion for [Proposed] Order for Show Cause and Enter Sanctions (Dkt 41) [1]; (2) Plaintiff's Motion for Reconsideration (Dkt 59) [1], Plaintiff's Motion for Nunc Pro Tunc Order (Dkt 62) .

The appeal is from a final decision that disposes of all claims by dismissing the action on grounds that are not applicable. Even If it appears Plaintiff is able to pursue discovery process in the underlying District Court Case, No. 2:23-cv-0849, the Honorable Judge will reject the service of summons as the Defendants have dodged the service of summons via frivolous methods of changing addresses without informing the Wisconsin Department of Financial Institutions ("WDFI"). The questions regarding these issues are not reliant on the merits of the case, rather solely depending on the "controlling question of the law". I.e;

1) "Can the entity withdraw it's registration in a state where it did business, consent to the state statutes for informing the state of the address of its registered agent, then notify its agent to refuse service of summons?". Plaintiff presented nearly a dozen of service attempts by over half a dozen of process servers that sworn under penalty and perjury that the registered agents had refused the service (See Dkt 5-7,16-19,27, 28, 30-34,39,49,52,54,65,67-68). Not only Honorable District Court Judge refused to look into these allegations, he denied Plaintiff's Order to Show Cause (Dkt 41) under its Order (Dkt 69).

2) How many service attempts required at minimum to show Plaintiff did his due diligence in serving the corporate entity at its last known address?

3) Would Court of Appeals have Jurisdiction of appeals from Plaintiff's Proposed Orders and Order to Show Cause (Dkt 41) which are Interlocutory in its nature, pursuant to 28 U.S.C. §1291(a)(1).

4) Can a new entity (MCI, LLC.) respond to the Complaint (Dkt 1) without proper representation of the counsel of records, when in fact Plaintiff sued the old entity (MCI, Inc.)?

5) Is it a technical misnomer for the New Entity to appear for the Old Entity without proper Disclosure Statement pursuant to Fed. R. Civ. P. Rule 7? Especially when the Defendant declares (incorrectly) it is the Plaintiff who mislabeled the correct entity.

6) Does ANY Honorable U.S. District Court erred in entry of default when the counsel of record did not appear, pledge, otherwise defend the Old Entity?

7) Did the Honorable U.S. District Court Judge erred in its Order (Dkt 25) denying entry of default when the counsel of record did not appear, pledge, otherwise defend the Old Entity?

8) Does Court of Appeals have Jurisdiction to enforce orders of the Federal Communications Commission, pursuant to 28 U.S.C. §1291; and the Executive Order No. 13476 in general and (h)(2) specifically? **If so**, would the Court of Appeals enforce the FCC Order Approving Corporate Defendant's Notification of Pro Forma Assignment of Cable Landing License (Exhibit to Dkt 41). This License

4

application as well as other applications during this transition/merger/conversion of entities declares under penalty and perjury that the *"Corporate reorganization which involves no substantial change in the beneficial ownership pf the corporation, is pro forma in nature"* (Internal citations omitted for clarity), pursuant to 47 CFR § 63.21(i).

9) Did the Honorable U.S. District Court Judge erred in applying Judicial Estoppel Doctrine in review of Plaintiff's series of Objections (Dkt 41,47,48,59-62,66,69,81) which continuously presented the cynical methods of Corporate Defendant(s)' merger of businesses? ***New Hampshire v. Maine. 532 U.S. 742 (2001)***

    The doctrine of judicial estoppel prohibits a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party and advanced under oath in a prior court proceeding. Plaintiff presented to the Hon. Judge the filings of Corporate Defendants under oath to FCC, numerous other courts as well as number of financial institutions of states they operate within.

    **(i)** "a party's later position must be clearly inconsistent with its earlier position;" **(ii)** acceptance of an inconsistent position in a later proceeding may "create the perception that either the first or the second court was misled;" and **(iii)** the party asserting an inconsistent position may gain an unfair advantage in the litigation if not estopped. **Id.**

10) If Judicial Estoppel Doctrine applied to the Motion to Dismiss (Dkt 10), subsequently the Amended Answer (Dkt 21) filed by Defendants, would Court of

Appeals Order Entry of Default Nunc Pro Tunc for Plaintiff's Motion for Entry of Default (Dkt 15) filed on September 15, 2023?

11) Even If Hon. Judge did not err in invoking application of Judicial Estoppel Doctrine for the review of Plaintiff's Objections, did he err dismissing MCI Communications Services (Inc. and LLC) which would have testify to the interrogatories during the discovery phase?

12) Even If, all of the questions above does not support this Honorable Court of Appeals' jurisdiction; Would this Hon. Court of Appeals consider the underlying Notice of Appeal (Dkt 72) under 1291 since starting a new case against the dismissed parties are not technically feasible due to the statute of limitations and other constraints?

In the alternative, if the district court's order is not a final decision, this Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). In addition to dismissing the parties, the district court's order "refus[es]" Plaintiffs' request for injunctive relief. 28 U.S.C. § 1292(a)(1); Holmes v. Fisher, 854 F.2d 229, 231 (7th Cir. 1988) ("[A]ll interlocutory orders denying injunctions are appealable.").

On November 14, 2023, Appellant filed a timely motion for reconsideration (Dkt 59)[1]. On February 1, 2024, the District Court denied the motion for reconsideration. On February 6, 2024, Plaintiff-Appellant filed a timely Notice of Appeal. See F.. R. App. P. 4(a)(1)(A). This Court's jurisdiction rests on 28 U.S.C. § 1291. In addition, Supplemental jurisdiction is requested over state law claims, regarding service of summons and how effectuated, pursuant to 28 U.S.C. § 1367.

### III.    POST-NOTICE-OF-APPEAL PROCUDURAL BACKGROUND

On February 1, 2024, the District Court denied the motion for Certification (Dkt 74). On February 6, 2024, Plaintiff-Appellant filed a timely Notice of Appeal. The Honorable District Court Order (Dkt 78) denied Plaintiff's Motion for Certification (Dkt 74).

### IV.    CONCLUSION

Plaintiff addressed factual flaws of the applicability of orders the Honorable District Court entered.  Plaintiff prays this Honorable Court of Appeals to conclusively resolve a disputed and contentious legal issue right away, which can "materially advance the ultimate termination of the litigation.". Furthermore, Plaintiff presented several "controlling question of law" that would not require "a substantial ground for difference of opinion". However, Plaintiff prays that this Honorable Court of Appeals consider further review of orders for any issue fairly included within the uncertified order because it is the order that is appealable, and not the controlling question identified by the district court.

For the foregoing reasons, this Court has jurisdiction over Kolcu's appeal under 28 U.S.C. § 1291;1292(b) and the collateral order doctrine.

Dated:  April 3, 2024

Respectfully submitted,

_ALPER KOLCU_
Pro Se Plaintiff-Appellant,

Alper Kolcu
225 N 66th St, Milwaukee, WI. 53213
312-404-2424
alkolcu.legal@gmail.com
*Pro Se Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c)

The undersigned, Pro Se Plaintiff-Appellant, Alper Kolcu, furnishes the following in compliance with F.R.A.P Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 2,367 words according to the Microsoft Word software application.

Dated: April 3, 2024

ALPER KOLCU
Pro Se Plaintiff-Appellant,
225 N 66th St,
Milwaukee, WI. 53213-4217
312-404-2424
alkolcu.legal@gmail.com
*Pro Se Plaintiff-Appellant*

## PROOF OF SERVICE

The undersigned, Pro Se Plaintiff-Appellant, Alper Kolcu, hereby certifies that on April 3, 2024, he caused this Jurisdictional Memorandum to be served on opposing counsel via CM/ECF by filing in the clerk of court in-person, and mailing a copy via U.S. mail to counsel of record, Jackson Lewis P.C. attn to Brian Nuedling.

ALPER KOLCU
Pro Se Plaintiff-Appellant,
225 N 66th St,
Milwaukee, WI. 53213-4217
312-404-2424
alkolcu.legal@gmail.com
*Pro Se Plaintiff-Appellant*

KOLCU, Alper v. Verizon Communication – Defendant List

June 25, 2023

VERIZON COMMUNICATION INC.
1 VERIZON WAY, VC34W453,
Basking Ridge, NJ 07920

Verizon Business Ntwk Srvs, LLC.
Agent for MCI Comm Services, LLC.
(EIN#132745892)
899 Heathrow Park Ln, O2-2135
Lae Mary, FL, 32746

MCI Communications Srvs, Inc.
(EIN#470751768)
One Verizon Way,
Basking Ridge, NJ 07920

--------------------------------------------------------

Thomas Pietila,
Joseph Glisczinski, VZB New Berlin
Mark Peeters, VZB New Berlin
Marc Fisher, VZB New Berlin
Corey Saffert, VZB New Berlin

Verizon Business Office (VZB New Berlin)
15725 Ryerson Rd,
New Berlin, WI, 53151

--------------------------------------------------------

Kirti (Kitty) Rose, VZB HR Business Partner
14123 Cicero Rd
Houston, TX 77095

--------------------------------------------------------

Chelsea J  Meyers, VZB HR Sr. Mgr
10000 Park Meadows Drive
Lone Tree, CO 80124

--------------------------------------------------------

Leslie Stephenson, VZB HR Consultant
Michael Calantone, Verizon EEO Mgr
Winsome Taik, Verizon EEOC Compliance Mgr
John M Laughon, VZB HR
Lisa Lauture, VZB HR
Alice Hsieh, Corporate Attorney
Roy Piestley, Corporate attorney

One Verizon Way, Basking Ridge, NJ 07920

--------------------------------------------------------

Verizon Benefits Center
Palatine, IL. 60055-0016

--------------------------------------------------------

John Doe 1-9, Jane Doe 1-9, ABC Companies

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2023 JUN 26   P 12: 35

CLERK OF COURT