Case No. 24-1178

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Alper Kolcu,
Plaintiff-Appellant,
v.
Verizon Communications, Incorporated, et al.
Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Wisconsin
The Honorable William E. Duffin, Magistrate Judge
Case No. 2:23-CV-00849

---

## RESPONSE OF DEFENDANTS-APPELLEES
## TO PLAINTIFF-APPELLANT'S AMENDED JURISDICTIONAL MEMORANDUM

---

Brian G. Nuedling
Jackson Lewis, P.C.
22 E. Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5278
Facsimile: (608) 260-0058
Email: *brian.nuedling@jacksonlewis.com*
Attorneys for Defendants-Appellees Verizon Communications, Inc., ABC Companies, John Doe 1-9, and Jane Doe 1-9.

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................ 1

II.     PROCEDURAL HISTORY ............................................................ 2

III.    STATEMENT OF THE ISSUE ..................................................... 4

IV.     ARGUMENT .................................................................................. 4

      A.    Appellant's Amended Memorandum Exceeds Both The Relief
          That He Requested And The Leave That This Court Granted. ...............5

      B.    Appellant's Amended Memorandum Attempts To Argue His Appeal,
          Which Is Beyond The Scope of This Court's Jurisdictional Directive ........ 7

      C.    The Issues And Appendix Presented In the Amended Memorandum
          Offer No Reason To Question Or Challenge Dismissal Of This Appeal... 10

V.      CONCLUSION ............................................................................. 18

Fed. R. App. P. 32(a)(7)(B) CERTIFICATE OF COMPLIANCE ............................. 19

CERTIFICATE OF SERVICE ........................................................................ 20

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Arrow Gear Co. v. Downers Grove Sanitary Dist.*,
629 F.3d 633 (7th Cir. 2010) ...................................................... 11

*Cobbledick v. United States*,
309 U.S. 323 (1940) .................................................................... 11

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949) .................................................................... 13

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) ............................................................. 10, 11

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994) ............................................................. 13, 14

*Hewitt v. Joyce Beverages of Wisconsin, Inc.*,
721 F.2d 625 (7th Cir. 1983) ..................................................... 12

*Kimbrell v. Brown*,
651 F.3d 752 (7th Cir. 2011) ..................................................... 11

*Luevano v. Wal-Mart Stores, Inc.*,
722 F.3d 1014 (7th Cir. 2013) ................................................... 17

*Mercado v. Dart*,
604 F.3d 360 (7th Cir. 2010) ..................................................... 14

*Michiana Dairy Processors, LLC v. All Star Beverage, Inc.*,
No. 2:09-CV-39-PRC, 2011 U.S. Dist. LEXIS 35162 (N.D. Ind. Mar.
31, 2011)...................................................................................... 16

*Minn. Life Ins. Co. v. Kagan*,
724 F.3d 843 (7th Cir. 2013) ..................................................... 10

*In re Morse Elec. Co.*,
805 F.2d 262 (7th Cir. 1986) ....................................................... 8

*Ott v. City of Milwaukee*,
682 F.3d 552 (7th Cir. 2012) ..................................................... 13

*People Who Care v. Rockford Bd. of Educ. Dist. No. 205*,
    921 F.2d 132 (7th Cir. 1991) ................................................ 13

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ............................................................... 8

*Sterk v. Redbox Automated Retail, LLC*,
    672 F.3d 535 (7th Cir. 2012) ......................................... 13, 17

*Union Oil Co. of Cal. v. John Brown E&C*,
    121 F.3d 305 (7th Cir. 1997) .............................................. 11

*United States v. Sealed Defendant Juvenile Male (4)*,
    855 F.3d 769 (7th Cir. 2017) ......................................... 14, 15

*West v. Louisville Gas & Elec. Co.*,
    920 F.3d 499 (7th Cir. 2019) ........................................... 8, 11

**Statutes**

28 U.S.C. § 1291 ...................................................... *passim*

28 U.S.C. § 1292(a)(1) ....................................................... 12

28 U.S.C. § 1292(b) ............................................... 2, 4, 12, 13

**Other Authorities**

Federal Rules of Civil Procedure Rule 7.1 .......................... 10

Federal Rules of Civil Procedure Rule 12 ...................... 15, 16

Federal Rules of Civil Procedures Rule 54(b) ................... 9, 11

Federal Rules of Civil Procedure Rule 58 .......................... 2, 3

iv

## I.  <u>INTRODUCTION</u>

Plaintiff-Appellant, Alper Kolcu ("Appellant"), filed an Amended Jurisdictional Memorandum with this Court. He requested and received leave to do so based on an assertion that he wished to file a "Separate Appendix" to his memorandum. Contemporaneously with his motion, Appellant filed an amended memorandum that is substantially different from its previous version. Specifically, in the revised filing that was added to this case, Appellant for the first time introduces several questions that appear to be a lengthy Statement of the Issue(s), though neither Appellant's original memorandum nor the amended document contains a discussion section with this heading. The twelve (12) questions that Appellant brings include unsupported arguments and unfounded accusations of wrongdoing by Defendants-Appellees ("Appellees"). Besides going well beyond the addition of an appendix, the Amended memorandum also raises contentions regarding principles of law (such as judicial estoppel) that seek to vastly exceed the scope of the narrow jurisdictional issue that this Court directed the Parties to address.

Regardless of whether Appellant had leave to essentially argue the merits of his appeal (which he did not), his Amended Memorandum fails to present any basis for this Court to grant appellate jurisdiction, nor any reason why this appeal should not be dismissed for lack of jurisdiction. Appellant lacks an appealable final judgment under 28 U.S.C. § 1291. Further, he cannot satisfy the criteria, described by the courts as "stringent," that are essential to immediate review of

an interlocutory order under the very limited grounds of 28 U.S.C. § 1292(b), the collateral order doctrine, or any other appellate gateways. Even with two attempts to do so, Appellant fails to establish that this matter qualifies for immediate appellate review. Therefore, Appellant's appeal should be dismissed for lack of jurisdiction.

## II.  <u>PROCEDURAL HISTORY</u>

Of relevance to this response are the Parties' jurisdictional memoranda, particularly Appellant's motion to add an appendix to his original jurisdictional filing.

On February 7, 2024, this Court issued an Order, directing Appellant to file "a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction." (App. Dkt. No. 3.)[1] In issuing this directive, this Court stated that a review of the record "indicates that the order appealed from may not be a final appealable judgment within the meaning of 28 U.S.C. § 1291." (*Id.*)[2] The Court observed that the District Court had not entered a final judgment under Rule 58 of the Federal Rules of Civil Procedure, "and for good reason. Plaintiff

---

[1] Citations to the appellate court docket appear throughout as "App. Dkt. No. XX," with "xx" representing the court's docket entry." Citations to the District Court record appear as "E.D. Dkt. No. XX."

[2] In his original memorandum, Appellant appears to raise two issues: (a) "In the orders from which Kolcu appeals, the district court refused to enter Default and Default Judgment for Defendant-Appellee's failure to respond, otherwise plead to the Complaint (Id. Dkt 1)" (App. Dkt. No. 11, pg. 1); and (b) "Jurisdiction of the United States Court of Appeals arises under 28 U.S.C. § 1291 by virtue of the entry of the District Court of the Order (Dkt 69)[1] dated February 1, 2024 by the Honorable Judge William E. Duffin granting Defendant's Motion to Dismiss (Dkt 10)[1], And [*sic*] denying (1) Plaintiff's Motion for [Proposed] Order for Show Cause and Enter Sanctions (Dkt 41)[1]; (2) Plaintiff's Motion for Reconsideration (Dkt 59)[1], Plaintiff's Motion for Nunc Pro Tune Order (Dkt 62)." (App. Dkt. No. 11, pg. 2.)

2

Alper Kolcu's case continues in the district court against defendant Verizon Communications, Inc. on a number of claims. There appears no basis to seek appellate review at this time." (*Id.*)

In conjunction with an extension of time in which to file his response to this Court's Order (App. Dkt. No. 8), Appellant filed his Jurisdictional Memorandum on March 20, 2024. (App. Dkt. No. 11.) This Court subsequently directed Appellees to file a response to Appellant's filing, addressing the jurisdictional issue raised in the Court's Order of February 7, 2024. (App. Dkt. No. 12.) In compliance with this Court's directive, Appellees filed a response to Appellant's Jurisdictional Memorandum on March 28, 2024. (App. Dkt. No. 13.)

Eleven (11) days later, on April 8, 2024, Appellant filed "Alper Kolcu's Motion for Leave to file Instanter the Separate Appendix to Appellant's Jurisdictional Memorandum." (App. Dkt. No. 14-1.) Appellant appended to his motion an amended jurisdictional memorandum. (App. Dkt. No. 14-2.) On April 9, 2024, this Court granted Appellant's motion "to the extent that the clerk shall file instanter the appellant's tendered amended jurisdictional memorandum." (App. Dkt. No. 15.) Per the Court's Order, Appellant's Amended Jurisdictional Memorandum was entered on April 9, 2024. (App. Dkt. No. 16.) On April 12, 2024, Appellees filed a Motion for Leave to File a Response to Appellant's amended memorandum, asserting that Appellant had made several changes that rendered the revised document substantially different from his original memorandum. (App. Dkt. No. 17.) On April 16, 2024, this Court granted Appellees' motion to file

a response to Appellant's Amended Jurisdictional Memorandum. (App. Dkt. No. 18.)

## III.  STATEMENT OF THE ISSUE

Why this Court should not dismiss this appeal due to lack of jurisdiction because the District Court has not yet entered a final judgment or order, and this matter is not subject to interlocutory review pursuant to 28 U.S.C. § 1292(b), the collateral order doctrine, or any other judicial principal.

## IV.  ARGUMENT

In his motion to file the separate appendix (App. Dkt. No. 14-1), Appellant asserted that the appendix was not filed with his original memorandum "due to its size, technical difficulties and misunderstanding of the Instructions (herein attached)." (*Id.* at ¶ 3.) Appellant further stated that he "wishes to file the Separate Appendix and requires leave of court to do so." (*Id.* at ¶ 4.) Finally, Appellant asserted that he "now includes short introduction [*sic*] of the Statements of Issues with respect to the Table of Authorities in a Motion, Instanter." (*Id.* at ¶ 6.)

Appellant attached the following to his two-page motion: (1) A one-page document titled "United States Court of Appeals for the Seventh Circuit, Pro Se Instructions for Preparing Docketing Statement" (App. Dkt. No. 14-1, pg. 3); (2) A one-page, *ex parte* letter, dated April 1, 2024, directed to Seventh Circuit Clerk of Court Christopher G. Conway, and not previously disclosed to Appellees, in which Appellant ostensibly seeks to clarify the caption that he placed on his

4

original memorandum (*Id.* at pg. 4);[3] and (3) a 14-page Amended Jurisdictional Memorandum (*Id.* at pgs. 5-18), (titled "Jurisdictional Statement of Plaintiff (Revised 04.03.2024")), which is five pages longer than his original memorandum. The last page of Appellant's amended memorandum is a document, also included in Appellant's District Court Complaint, that is titled, "KOLCU, Alper v. Verizon Communication [*sic*] – Defendant List" (emphasis included). Though not labeled, this document appears to be the appendix that Appellant sought leave to file in his motion. (App. Dkt. No. 14-1.)

## A. Appellant's Amended Memorandum Exceeds Both The Relief That He Requested And The Leave That This Court Granted.

Appellant's motion for leave to amend his Jurisdictional Memorandum stated unambiguously that he was seeking leave to file a "Separate Appendix." (App. Dkt. No. 14-1 at ¶¶ 3-4) This intention and objective is also reflected in the title of the motion ("Alper Kolcu's Motion for Leave to file Instanter the Separate Appendix to Appellant's Jurisdictional Memorandum"). Later in the motion, he states that he is now including a "short introduction of the Statements of Issues with respect to the Table of Authorities in a Motion, Instanter. (*Id.* at ¶ 6.) The body of Appellant's Amended Memorandum does not contain a section titled "Statement (or "Statements") of Issues." Presumably, however, Appellant is referring to the significantly revised section of his jurisdictional memorandum, spanning approximately the pages numbered "3" through "6" in the revised

---

[3] As with their original response, Appellees have adopted and incorporated into this response the case caption as structured by this Court.

document (App. Dkt. No. 14-2 or 16), in which he sets forth twelve (12) questions related to the District Court case.

This clearly exceeds the revision that Appellant described and the relief that this Court granted. While this Court accepted Appellant's tendered Amended Jurisdictional Memorandum in conjunction with granting "Alper Kolcu's Motion for Leave to file Instanter the Separate Appendix to Appellant's Jurisdictional Memorandum" (App. Dkt. No. 15), Appellant presented this filing as a vehicle by which he could file an appendix. It was not presented as a request for a wholesale modification to his original memorandum, an attempt to bolster the product based on what was filed in response,[4] or perhaps a bid to improve his chances for appellate review by previewing the issues he might present.

To the extent that Appellant's Amended Jurisdictional Memorandum exceeds the scope of this Court's Order of February 7, 2024 (App. Dkt. No. 3), and its Order granting Appellant's motion to amend his memorandum by adding a "separate appendix" (App. Dkt. No. 15), this Court should disregard or "strike" those portions of Appellant's amended memorandum. Regardless, however, and despite exceeding the requested relief by adding more than a "separate

---

[4] In his motion to file the separate appendix (App. Dkt. No. 14-1), Appellant states: "Appellant is now aware that Defendant-Appellee filed their response (ECF 13) indicating additional arguments which is outside the scope of what Appellant had assumed. Therefore, it appears Appellant's arguments were short." (App. Dkt. No. 14-1 at ¶ 5.) Regardless of whether Appellant believes he left something out the first time around, the fact is that Appellees' Response to Appellant's Jurisdictional Memorandum fully complied with this Court's Order of March 21, 2024 (App. Dkt. No. 12), directing Appellees to file "a response to plaintiff-appellant's filing, addressing the jurisdictional issued raised in the court's order of February 7, 2024."

appendix," Appellant's amended memorandum fails to provide any basis for granting immediate appellate review. Therefore, this appeal should be dismissed.

**B.    Appellant's Amended Memorandum Attempts To Argue His Appeal, Which Is Beyond The Scope Of This Court's Jurisdictional Directive.**

To date, this Court has considered only the jurisdictional issue and has not advanced this matter to the point at which the District Court's Orders or the substance of Appellant's potential appeal would be considered. All of the Court's Orders to date have been limited to the issue of whether appellate jurisdiction is immediately available for the District Court Orders that Appellant seeks to challenge. This Court has been consistent throughout, beginning with the initial Order directing Appellant to file a memorandum "stating why this appeal should not be dismissed for lack of jurisdiction" (App. Dkt. No. 3), to the Order directing a response from Appellees to Appellant's filing and "addressing the jurisdictional issue raised in the court's order of February 7, 2024" (App. Dkt. No. 12), and through the Orders (App. Dkt. Nos. 15 and 18) related to Appellant's amended memorandum.

In addition, this Court has made clear that briefing in this matter is suspended. *See* App. Dkt. No. 3 ("Briefing shall be suspended pending further court order."); and App. Dkt. No. 8 ("Briefing in this appeal has been suspended pending resolution of the jurisdictional issue raised in the court's order dated February 7, 2024.").

This Court's directive to address the jurisdictional issue first comports with its procedural preferences and obligations. In every case, this Court must first

decide whether it has jurisdiction to hear the appeal. *See, e.g., Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998); *West v. Louisville Gas & Elec. Co.,* 920 F.3d 499, 503 (7th Cir. 2019); and *In re Morse Elec. Co.,* 805 F.2d 262, 264 (7th Cir. 1986) (internal citation omitted). Accordingly, this Court directed the Parties to file memoranda addressing the jurisdictional flaw that is present in this case. But this Court has specifically and unambiguously stated that other issues, including those that might relate to the substance of a potential appeal, are not open for discussion or consideration at this time.

In addition to the twelve (12) questions that Appellant brings in his Amended Memorandum, which are discussed below, Appellant also adds argument to those topics, in a manner that is more aligned with an opening brief than a discussion of whether the jurisdiction of this Court has been established. For example, Appellant alleges that the District Court "refused to look into" his allegations related to service of process. (App. Dkt. No. 16, page numbered "3", at No. 1.). He asks how many "service attempts" are needed to show "due diligence" in serving a corporate entity. (App. Dkt. No. 16, page numbered "4", at No. 2.) He contends that the District Court erred in denying his motion for entry of default. (App. Dkt. No. 16, page numbered "4", at Nos. 6-7.) He inquires about appellate court jurisdiction to enforce orders of the Federal Communications Commission under 28 U.S.C. § 1291. (App. Dkt. No. 16, pages numbered "4" and "5", at No. 8.)[5] He includes a lengthy discussion of judicial estoppel and suggests that the

---

[5] Orders of the Federal Communications Commission are not "final orders" for the purposes of appellate jurisdiction. As set forth in 28 U.S.C. § 1291, titled "Final decisions of district

District Court applied the doctrine and did so incorrectly. (App. Dkt. No. 16, pages numbered "5" and "6", at Nos. 9-11.)

Finally, he inquires whether this Court would consider his Notice of Appeal in the District Court (E.D. Dkt. No. 72) a "final order" under 28 U.S.C. § 1291. (App. Dkt. No. 16, page numbered "6", at No. 12.) A notice of appeal is not a judgment or order, let alone a "final order." With respect to a judgment on multiple claims or that which involves multiple parties, any order or other decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not a final judgment or order, as it does not end the action and may be revised at any time before the entry of a judgment that adjudicates all claims, rights, and liabilities. Fed. R. Civ. P. 54(b).

In sum, the "questions" section of Appellant's amended memorandum provides no basis from which to find jurisdiction or alter this Court's preliminary conclusion that "There appears no basis to seek appellate review at this time." (App. Dkt. No. 3.) Appellant makes no claims to the contrary and brings no authority that would support such a conclusion. Simply previewing the appeal that he might hope to bring is not responsive to this Court's directive to address the jurisdictional issue. (App. Dkt. No. 3.) Therefore, this appeal should be dismissed.

---

courts," "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title."

C.    **The Issues And Appendix Presented In the Amended Memorandum Offer No Reason To Question Or Challenge Dismissal Of This Appeal.**

Despite this Court's clear delineation of the issue under consideration, Appellant's Amended Jurisdictional Memorandum nonetheless strays into myriad topics that presumably would comprise the foundation of a potential appeal, including service of process, the corporate disclosure statement under Rule 7.1 of the Federal Rules of Civil Procedure, the District Court's denial of a motion for entry of default, this Court's authority to enforce Executive Orders and Orders of the Federal Communications Commission, and application of the doctrine of judicial estoppel. (App. Dkt. No. 16, pages numbered "3" through "6".)

These topics, set forth in twelve (12) questions presented in Appellant's Amended Jurisdictional Memorandum, do not address appellate jurisdiction but rather relate to the substance of his potential appeal and arguments that he might bring before this Court. The same can be said of the appendix, which is only a list of defendants, all of whom (with the exception of Verizon Communications, Inc., "John Doe 1-9," "Jane Doe 1-9," and "ABC Companies") have been dismissed from the District Court case. Simply providing a list of defendants, without any context or explanation, does not address this Court's jurisdictional directive nor satisfy the criteria needed for immediate appellate review of this matter.

Under 28 U.S.C. § 1291, appellate jurisdiction is not present unless the district court has issued a final judgment. *See, e.g., Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978) (internal citation omitted); *Minn. Life Ins. Co.*

*v. Kagan,* 724 F.3d 843, 847 (7th Cir. 2013); *Kimbrell v. Brown,* 651 F.3d 752, 755 (7th Cir. 2011); and *Union Oil Co. of Cal. v. John Brown E&C,* 121 F.3d 305, 309 (7th Cir. 1997). As the courts have noted, the requirement of a final judgment is "more than a mere formality." *West v. Louisville Gas & Elec. Co., supra,* 920 F.3d at 503. Section 1291 embodies a preference that, to the extent possible, all disputed issues as to all parties are resolved in one appeal. *See, e.g., Arrow Gear Co. v. Downers Grove Sanitary Dist.,* 629 F.3d 633, 636 (7th Cir. 2010). This arises from a legislative judgment that permitting multiple, piecemeal appeals from a single district court action will have a "debilitating effect" on the efficient administration of justice. *See, e.g., Coopers & Lybrand, supra,* 437 U.S. at 471 (internal citation omitted); and *Cobbledick v. United States,* 309 U.S. 323, 325 (1940).

In his amended memorandum, Appellant claims that his "appeal is from a final decision that disposes of all claims on grounds that are not applicable." (App. Dkt. No. 16, pages numbered "3".)[6] Yet, as this Court has observed, "Plaintiff Kolcu's case continues in the district court against defendant Verizon Communications, Inc., on a number of claims." (App. Dkt. No. 3.) Under the criteria set forth in Rule 54(b) of the Federal Rules of Civil Procedure, particularly as it relates to a case like the present case, with multiple parties and multiple claims, and the litigation still active, a final judgment in this matter simply has not been issued or entered.

---

[6] In his Docketing Statement to this Court, Appellant admits that "The challenged order is not a final order[.]" (App. Dkt. No. 6, pg. 2.)

Appellant also contends that this matter should be subject to immediate review under 28 U.S.C. § 1292(a)(1) allegedly because the "district court's order 'refus[es]' Plaintiff's request for injunctive relief." (App. Dkt. No. 16, page numbered "6".) Appellant provides no further explanation of this claim. Appellant has filed numerous motions in the District Court, including a Motion for Entry of Default (E.D. Dkt. No. 15), an Expedited Non-Dispositive Motion for Extension of Time to Serve Defendant and for an Order Directing the Clerk of Court to Authenticate Publications Summons (E.D. Dkt. No. 29), a Motion for Order to Show Cause and Enter Sanctions (E.D. Dkt. No. 41), a Motion for Reconsideration of Order (Dkt 25) (E.D. Dkt. No. 47), a Motion for Nunc Pro Tunc Order (E.D. Dkt. No. 62), and a Motion for Certification of Order (Dkt 69) and for a Stay of Proceedings Pending Appeal (E.D. Dkt. No. 74). However, Appellant has never filed a motion for preliminary or permanent injunctive relief, on an emergency basis or otherwise, nor otherwise formally requested such relief from the District Court. He makes no claim to the contrary.

Absent a final judgment, an appeal of an interlocutory decision under 28 U.S.C. § 1292(b) may proceed if an appellant obtains (1) district court certification of a "controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and (2) corresponding certification that the Court of Appeals will grant review. 28 U.S.C. § 1292(b); *see also Hewitt v. Joyce Beverages of Wisconsin, Inc.,* 721 F.2d 625, 626 (7th Cir.

1983); *People Who Care v. Rockford Bd. of Educ. Dist. No. 205,* 921 F.2d 132, 134 (7th Cir. 1991); and *Sterk v. Redbox Automated Retail, LLC,* 672 F.3d 535, 536 (7th Cir. 2012). The Court of Appeals will not accept an interlocutory appeal without the district court first granting certification. 28 U.S.C. § 1292(b). In the present case, the District Court denied Appellant's motion for certification, finding that "its orders do not 'involve [] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b)." (E.D. Dkt. No. 78, pg. 4.)

As a result, Appellant has turned to such judicial concepts as the collateral order doctrine to achieve permission for an immediate appeal. (App. Dkt. No. 16, pages numbered "7".) The collateral order doctrine is a narrow, "practical" construction of the final-judgment rule under 28 U.S.C. § 1291. *Ott v. City of Milwaukee,* 682 F.3d 552, 554 (7th Cir. 2012). "It is not an exception to the final-judgment rule. (*Id.*); *see also Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949); and *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867 (1994). The U.S. Supreme Court has interpreted the collateral order doctrine as permitting an appeal from a "narrow class of decisions" that do not terminate the litigation but must, "in the interest of achieving a healthy legal system," be treated as "final." *Digital Equip. Corp., supra,* 511 U.S. at 867) (*quoting Cobbledick, supra,* 309 U.S. at 326). However, the U.S. Supreme Court has also stressed the "narrow" boundaries of the collateral order doctrine and has made

clear that it should "never be allowed to swallow the general rule, i.e., that a party is entitled to a single appeal, to be deferred until final judgment is entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp., supra,* 511 U.S. at 868 (*citing United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 270 (1982)).

Thus, the U.S. Supreme Court has cautioned that the conditions for collateral order review are "stringent" and that the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted, by a prompt appellate court decision." *Digital Equip. Corp., supra,* 511 U.S. at 868 (*quoting Midland Asphalt Corp. v. United States,* 489 U.S. 794, 799 (1989); and *Van Cauwenberghe v. Biard,* 486 U.S. 517, 529 (1988)). As the Supreme Court observed in *Digital Equip. Corp,* the Court "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case [appealability] determination." 511 U.S. at 868 (*quoting Richardson-Merrell Inc. v. Koller,* 472 U.S. 424, 439 (1985) and *citing Carroll v. United States,* 354 U.S. 394, 405 (1957)).

The application of the collateral order doctrine depends in part on characterizing the decision under review as "final." *Mercado v. Dart,* 604 F.3d 360, 362 (7th Cir. 2010). The doctrine applies only when the order at issue involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *United States v. Sealed*

*Defendant Juvenile Male (4),* 855 F.3d 769, 772 (7th Cir. 2017) (*quoting United States v. MacDonald,* 435 U.S. 850, 860 (1978)). As this Court has succinctly stated: "The crucial question ... is not whether an interest is important in the abstract; it is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Sealed Defendant Juvenile Male (4), supra,* 855 F.3d at 772 (*quoting Mohawk Indus., Inc. v. Carpenter,* 558 U.S. 100, 108 (2009)). This Court has concluded: "As long as the class of claims, taken as a whole, can be adequately vindicated by other means, the chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction under § 1291." *Sealed Defendant Juvenile Male (4), supra,* 855 F.3d at 772 (*citing Abelesz v. OTP Bank,* 692 F.3d 638, 649 (7th Cir. 2012) and *quoting Mohawk Indus., supra,* 558 U.S. at 107.) In the present matter, Appellant's potential claims could be addressed within the context of a final judgment or order. Appellant brings no grounds from which to alter the judicial system's preferred method and timing for addressing appellate issues, after the entry of a final judgment or order.

In his Amended Memorandum, Appellant for the first time raises judicial estoppel, asserting, as a topic of a potential appeal, whether the District Court erred in its review of Appellant's Objections, "which continuously presented the cynical methods of Corporate Defendant(s)' merger of businesses[.]" (App. Dkt. No. 16, page numbered "5".) Appellant further asserts judicial estoppel with respect to the defendants' Motion to Dismiss under Rule 12 of the Federal Rules

of Civil Procedure, and "the Amended Answer (Dkt 21) filed by Defendants[.]" (*Id.* at pages numbered "5" to "6").

When determining whether to invoke the doctrine of judicial estoppel, courts generally consider three factors: (1) Whether a party's position is clearly inconsistent with a position taken earlier; (2) Whether a party against whom estoppel is asserted in a later proceeding has succeeded in persuading the court in the earlier proceeding; and (3) Whether a party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Michiana Dairy Processors, LLC v. All Star Beverage, Inc.*, No. 2:09-CV-39-PRC, 2011 U.S. Dist. LEXIS 35162, at *10 (N.D. Ind. Mar. 31, 2011) (*quoting New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Judicial estoppel is applicable when a party prevails on an issue in a separate, earlier case and then attempts to take an opposing position on the issue in a second case. *Michiana Dairy Processors,, supra,* at *10-11. The doctrine also "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." (Id. at *11, *quoting Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)).

As to Appellant's assertions with respect to judicial estoppel, there have been absolutely no findings in the District Court that Appellees (or the defendants) have taken contradictory or inconsistent positions. This is simply Appellant's conclusion, with no decision or order by the District Court to support his allegations. In addition, defendants have never filed an Amended Answer in the District Court. "Dkt 21," as cited by Appellant, apparently relates to the defendants' Motion for Leave to File an

Amended Motion to Dismiss. (E.D. Dkt. No. 21.) Rather than taking unfounded and needless "swipes" at Appellees (defendants) (*see* "[T]he Defendants have dodged the service of summons via frivolous methods of changing addresses without informing the Wisconsin Department of Financial Institutions ("WDFI")"; and Appellant's Objections "continuously presented the cynical methods of Corporate Defendant(s)' merger of businesses[.]") (App. Dkt. No. 16, pages numbered "3" and "5"), Appellant would be better served by getting his facts straight. Finally, and most importantly, Appellant has brought no authority to establish that raising the topic of judicial estoppel presents a basis for an immediate appeal of an interlocutory order.

Generally, interlocutory appeals are disfavored. As this Court has observed:

> "Interlocutory appeals are frowned on in the federal judicial system. They interrupt litigation and by interrupting delay its conclusion; and often the issue presented by such an appeal would have become academic by the end of the litigation in the district court, making an interlocutory appeal a gratuitous burden on the court of appeals and the parties, as well as a gratuitous interruption and retardant of the district court proceedings."

*Sterk v. Redbox Automated Retail, supra,* 672 F.3d at 536.

Interlocutory orders "may be stored up and raised at the end of the case." *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1020 (7th Cir. 2013) (*citing Kurowski v. Krajewski,* 848 F.2d 767, 772-73 (7th Cir. 1988)). The decisions of which Appellant seeks immediate review are simply interlocutory orders that

could be reviewed as part of an appeal from a final judgment. Accordingly, this Court should dismiss Appellant's appeal for lack of jurisdiction.

## V.    CONCLUSION

As with his original filing, Appellant's Amended Jurisdictional Memorandum fails to bring forth any basis to justify an exception to the final-judgment rule and the preference for a single appeal, after a final judgment or order has been entered.

Accordingly, and for all of the foregoing reasons, this Court should dismiss this appeal for lack of jurisdiction.

Dated: April 19, 2024.

Respectfully submitted,

**VERIZON COMMUNICATIONS, INC., ABC COMPANIES, JOHN DOE 1-9, and JANE DOE 1-9**

By:    /s/ Brian G. Nuedling
       One of Their Attorneys

Brian G. Nuedling
Jackson Lewis, P.C.
22 E. Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5278
Facsimile: (608) 260-0058
Email: *brian.nuedling@jacksonlewis.com*

## Fed. R. App. P. 32(a)(7)(B) CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d) because it contains 4,819 words. In making this certification, the undersigned counsel relies on the word-count feature of Microsoft Word, used to prepare this brief.

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Century, double-spaced, 12-point font, with single-spaced footnote text in 11-point font.

Dated:  April 19, 2024.

VERIZON COMMUNICATIONS, INC.,
ABC COMPANIES, JOHN DOE 1-9,
and JANE DOE 1-9

By:    /s/ Brian G. Nuedling
       One of Their Attorneys

Brian G. Nuedling
Jackson Lewis, P.C.
22 E. Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5278
Facsimile: (608) 260-0058
Email: *brian.nuedling@jacksonlewis.com*

CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024, the Response of Defendants-Appellees To Plaintiff-Appellant's Amended Jurisdictional Memorandum with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I further certify that some of the participants in this case are not CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, on this day, to the following non-CM/ECF participants:

Alper Kolcu
225 N. 66th Street
Milwaukee, WI 53213

Dated:  April 19, 2024.

VERIZON COMMUNICATIONS, INC.,
ABC COMPANIES, JOHN DOE 1-9,
and JANE DOE 1-9

By:    /s/ Brian G. Nuedling
       One of Their Attorneys

Brian G. Nuedling
Jackson Lewis, P.C.
22 E. Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5278
Facsimile: (608) 260-0058
Email: *brian.nuedling@jacksonlewis.com*

4896-2179-4487, v. 2